09-4618-pr
Bates v. Murdy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of June, two thousand and ten.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EARL A. BATES JR.,

                 *Plaintiff-Appellant*,

         v.                                                     No. 09-4618-pr

MURDY, Ind, Trooper, DELAGAIS,
Trooper, Official Capacity,

                 *Defendants-Appellees*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**         Earl A. Bates Jr., *pro se*, Newton, CT.

**FOR APPELLEE:**          Richard Blumenthal, Attorney General of the State of Connecticut; Robert B. Fiske, III, Lynn D. Wittenbrink, Assistant Attorneys General, Hartford, CT.

Appeal from an October 7, 2009 judgment of the United States District Court for the District of Connecticut (Holly B. Fitzsimmons, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**, without prejudice to reinstatement.

Appellant Earl A. Bates, Jr., *pro se*, alleged that appellees, two Connecticut State Troopers, used excessive force during his arrest on the night of August 1, 2005. He brought suit against the officers pursuant to 42 U.S.C. § 1983. After a trial at which a jury returned a verdict for the appellees, the District Court entered judgment in appellees' favor on October 7, 2009.

Appellant now appeals the District Court's judgment. We assume the parties' familiarity with the underlying facts and procedural history.

Pursuant to Fed. R. App. P. 10(b), it is the appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary . . . [or] file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1)(A) and (B); *see also* Fed. R. App. P. 10(b)(2). These transcripts are necessary for meaningful appellate review. This appeal is therefore DISMISSED WITHOUT PREJUDICE to reinstatement provided that appellant, within 30 days of the date of this order, provides this Court with: (1) the trial transcript; (2) proof that he has ordered the trial transcript; or (3) proof that he has moved in the district court for a free trial transcript. Upon timely filing of a transcript in the record on appeal, the Clerk is directed to automatically reinstate this appeal. Within 30 days of the reinstatement of the appeal, the appellant shall file a supplemental brief referring to the pages of the transcript that support the claims for which he seeks appellate review. Appellees will have 30 days within which to respond to the supplemental brief.

## CONCLUSION

For the reasons stated above, this appeal is DISMISSED WITHOUT PREJUDICE to reinstatement. If the appeal is reinstated, it shall be referred to another merits panel in the normal course.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented on January 30, 2009 to have a United States magistrate judge conduct all of the proceedings in this case, including the trial, entry of final judgment, and conduct all post-judgment proceedings.